**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
           chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Donquell Tony Dion Newsom-Hogan**, <br><br> Plaintiff, <br><br> vs. <br><br> **QXL Security LLC**, an Arizona limited liability company; **Michael Quattrocchi and Vilma Quattrocchi**, a married couple; and **Lisa Miller and John Doe Miller**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Donquell Tony Dion Newsom-Hogan ("Plaintiff" or "Donquell Tony Dion Newsom-Hogan"), sues the Defendants, QXL Security LLC, Michael Quattrocchi and Vilma Quattrocchi, and Lisa Miller and John Doe Miller, ("Defendants" or "QXL Security") and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-1-

U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq., and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.    Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

7.    The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-2-

**JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

10.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

11.     At all material times, Defendant QXL Security LLC was a limited liability complaint duly licensed to transact business in the State of Arizona.  At all material times, Defendant QXL Security LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.     At all relevant times, Defendant QXL Security LLC owned and operated as "QXL Security," a security company doing business in the Phoenix Metropolitan Area.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-3-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

13.    Under the FLSA, Defendant QXL Security LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant QXL Security LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to QXL Security's employees, Defendant QXL Security LLC is subject to liability under the FLSA.

14.    Defendants Michael Quattrocchi and Vilma Quattrocchi are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Michael Quattrocchi and Vilma Quattrocchi are owners of QXL Security and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.    Under the FLSA, Defendants Michael Quattrocchi and Vilma Quattrocchi are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Michael Quattrocchi and Vilma Quattrocchi had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the

interest of Defendants in relation to QXL Security's employees, Defendants Michael Quattrocchi and Vilma Quattrocchi are subject to individual liability under the FLSA.

16.     Defendants Lisa Miller and John Doe Miller are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Lisa Miller and John Doe Miller are owners of QXL Security and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

17.     Under the FLSA, Defendants Lisa Miller and John Doe Miller are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Lisa Miller and John Doe Miller had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to QXL Security's employees, Defendants Lisa Miller and John Doe Miller are subject to individual liability under the FLSA.

18.     Defendants, and each of them, are sued in both their individual and corporate capacities.

19.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

-5-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

28. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

30. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

31. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

32. Defendant QXL Security LLC is an enterprise that is a security company doing business in the Phoenix Metropolitan Area.

33. In or around June 2024, Plaintiff began working for Defendants as a security officer, performing non-exempt work related to security detail.

34. Plaintiff was compensated, or supposed to be compensated, at an hourly rate of approximately $24 throughout his employment with Defendants.

35. At all relevant times, Plaintiff was an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

36. Plaintiff worked for Defendants through approximately November 12, 2024, which was the date of Plaintiff's final shift.

37. In his final workweek of employment with Defendants, Plaintiff worked approximately 24 hours.

38. Defendants did not pay Plaintiff any wages whatsoever for the hours he worked in his final workweek.

39. Accordingly, Plaintiff worked one workweek for Defendants without being paid any wage whatsoever.

40. As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in the final workweek of his employment.

41. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

-7-

42.    As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

43.    As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

44.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

45.    Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

46.    Plaintiff is a covered employee within the meaning of the Arizona Wage Act.

47.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

48.    Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

49.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-8-

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. As a result of failing to compensate Plaintiff any wages whatsoever for his final workweek of employment Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

55. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

56. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiff, Donquell Tony Dion Newsom-Hogan, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay Plaintiff proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages to Plaintiff, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest to Plaintiff;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

<u>**COUNT TWO: ARIZONA MINIMUM WAGE ACT**</u>
<u>**FAILURE TO PAY MINIMUM WAGE**</u>

57.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

-10-

58.     As a result of failing to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

59.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

60.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Donquell Tony Dion Newsom-Hogan, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages to Plaintiff;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages to Plaintiff, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest to Plaintiff;

E.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT QXL SECURITY LLC, ONLY**

61.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.    As a result of the allegations contained herein, Defendant QXL Security LLC did not compensate Plaintiff wages due and owing to him.

63.    Defendant QXL Security LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

64.    Defendant QXL Security LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

65.    Defendant QXL Security LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

66.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant QXL Security LLC.

67.    Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and the costs incurred.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-12-

**WHEREFORE**, Plaintiff, Donquell Tony Dion Newsom-Hogan, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant QXL Security LLC:

A.    For the Court to declare and find that Defendant QXL Security LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of March 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## **VERIFICATION**

Plaintiff, Donquell Tony Dion Newsom-Hogan, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

Donquell Tony Dion Newsom-Hogan (Mar 20, 2025 17:45 PDT)
Donquell Tony Dion Newsom-Hogan

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-14-